MENNEMEIER, GLASSMAN & STROUD LLP
ANDREW W. STROUD (SBN 126475)
SARAH J. FISCHER (SBN 260807)
980 9th Street, Suite 1700
Sacramento, CA 95814
Telephone:     916-553-4000
Facsimile:     916-553-4011
E-mail:        stroud@mgslaw.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANISLAUS CUSTODIAL DEPUTY SHERIFFS' ASSOCIATION *dba* Stanislaus County Deputy Sheriffs' Association, )<br><br>Plaintiff, )<br><br>v. )<br><br>DEPUTY SHERIFF'S ASSOCIATION OF STANISLAUS COUNTY; VINCE BIZZINI, and DOES 1 - 10, INCLUSIVE, )<br><br>Defendants. ) | Case No.<br><br>**VERIFIED COMPLAINT FOR BREACH OF MISAPPROPRIATION OF TRADE NAME UNDER THE LANHAM ACT, COMMON LAW MISAPPROPRIATION OF TRADE NAME, UNFAIR BUSINESS PRACTICES, AND DECLARATORY JUDGMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Stanislaus Custodial Deputy Sheriffs' Association, *dba* Stanislaus County Deputy Sheriffs' Association, alleges as follows:

## I.

## JURISDICTION AND VENUE

1.     Plaintiff asserts a claim under the Lanham Act, 15 U.S.C.§ 1051.  Therefore, federal question jurisdiction is present under 28 U.S.C. § 1331 and § 1338.

2.     Venue is proper in the Eastern District of California, as both Plaintiff and Defendants reside in this District.

///

## II.

## PARTIES

3.      Plaintiff is a California corporation headquartered in Modesto, California.

4.      Plaintiff is informed and believes that Defendant Deputy Sheriff's Association of Stanislaus County is a non-profit organization with its headquarters in Sacramento, California.

5.      Plaintiff is informed and believes that Defendant Vince Bizzini is the President of the Deputy Sheriff's Association of Stanislaus County.

## III.

## GENERAL ALLEGATIONS

6.      On January 5, 1984, Plaintiff filed articles of incorporation with the state of California under the name "Deputy Sheriff's Association of Stanislaus County" ("original DSA").

7.      The stated specific purpose of the original DSA was:

> to provide representation for its members relating to employment, working conditions and benefits of employment, to support high professional standards for peace officers, to sponsor and encourage activities, to improve the general welfare of the members of the organization and of the community in general, as relating to the services rendered to the community by law enforcement, to obtain funds to support a widows' and orphans' aid fund, a scholarship fund, and funds to pay for the general business activities of this organization, to carry on educational and informational activities in regard to legislation pending which affects law enforcement or the other services of the members of this organization rendered to the general public as law enforcement officers.   (Exhibit A).

8.      After incorporating under the name "Deputy Sheriff's Association of Stanislaus County," Plaintiff discovered that most deputy sheriff associations place the name of the county first in their titles.  Therefore, the original DSA has referred to itself as the "Stanislaus County Deputy Sheriffs' Association" in its day-to-day business for over twenty years.  Plaintiff has used the name Stanislaus County Deputy Sheriffs' Association exclusively and on an uninterrupted during that entire time.

///

///

520.01.PLE.complaint.wpd                                    2

1    9.    The original DSA was composed of employees from both the Deputy Sheriff

2 Custodial bargaining unit and the Deputy Sheriff Coroner bargaining unit. In April 2009, the

3 members of the Deputy Sheriff Coroner bargaining unit left the original DSA to form their own

4 association.

5    10.    The Deputy Sheriff Custodial bargaining unit – Plaintiff – continued to operate

6 under its incorporated name, "Deputy Sheriff's Association of Stanislaus County," and also

7 continued to refer to itself and do business as "Stanislaus County Deputy Sheriff's Association."

8    11.    Plaintiff's name is highly visible in the Stanislaus County community and is

9 associated with many public service events. (Exhibit B.)

10    12.    On June 25, 2009, Defendants filed articles of incorporation under the name

11 "Stanislaus Sworn Deputies Association."

12    13.    On July 13, 2009, Defendants filed a second articles of incorporation, this time

13 utilizing the name "Deputy Sheriff's Association of Stanislaus County." Unbeknownst to

14 Plaintiff, its corporate status had been suspended due to inadvertent failure to pay its corporate

15 franchise tax. Defendants were thus able to incorporate under the corporate name that Plaintiff

16 had utilized for well over twenty years, with full knowledge that the corporate name belonged to

17 Plaintiff and Plaintiff was still using it.

18    14.    Defendant "Deputy Sheriff's Association of Stanislaus County" purports to be a

19 non-profit organization. Its specific purpose "is to educate the public about on [sic] subjects

20 useful to individuals and beneficial to the community, combat community deterioration, and to

21 carry on other charitable and educational activities associated with this goal." (Exhibit C).

22    10.    Plaintiff is informed and believes that although Defendants had already

23 incorporated under the name Stanislaus Sworn Deputies Association, it incorporated under a

24 second name when it realized Plaintiff's corporate status was suspended. Plaintiff is informed

25 and believes that Defendants incorporated under that name for the sake of harassing Plaintiff and

26 that this is evident from the vague statement of purpose contained in its July 13, 2009 articles of

27 incorporation.

28

520.01.PLE.complaint.wpd                           3

15.     On July 22, 2009, Defendant Vince Bizzini ("Bizzini") sent Mark Cardoza, the President of the original DSA, a letter on behalf of the newly incorporated "Deputy Sheriff's Association of Stanislaus County," referring to his organization as the "Stanislaus County DSA." In the letter, Bizzini wrote that his organization had lawfully acquired sole possession of the name when they incorporated in July 2009. He further wrote, "Neither you, nor your association, have our organization's permission or consent to use the name . . . I am particularly troubled with your association's use of our name in connection with political endorsements." (Exhibit D.)

16.     Bizzini further demanded that Plaintiff cease and desist from using the name it had used for over twenty years.

17.     Bizzini's letter put Plaintiff on notice that its corporate status had been revoked, thus permitting Defendants to incorporate under its name.

18.     On July 24, 2009, Mr. Cardoza responded to Bizzini's letter, expressing concern that Defendants' use of the names "Stanislaus County DSA" and "Deputy Sheriff's Association of Stanislaus County" infringed upon Plaintiff's legal rights. Mr. Cardoza further urged Defendants not to "interfere with any of the affairs of [Plaintiff's] organization." (Exhibit E.)

19.     Upon receiving the July 22 letter from Bizzini, Plaintiff obtained counsel to represent it in this matter and to assist in protecting its trade name. On July 30, 2009, Plaintiff, by and through its obtained counsel, sent a letter to Bizzini requesting Defendants "immediately cease and desist" from further use of Plaintiff's trade name, Stanislaus County Deputy Sheriffs' Association. (Exhibit F.)

20.     On August 3, 2009, counsel for Defendants responded and claimed Plaintiff had no trademark rights to the name, thereby refusing to cease and desist from using the trade name. (Exhibit G.)

21.     Due to Plaintiff's revoked status, it reincorporated under the name Stanislaus Custodial Deputy Sheriffs' Association. On September 30, 2009, the State of California notified Plaintiff that its corporate status was revived under its new name, effective September 11, 2009. (Exhibit H.)

520.01.PLE.complaint.wpd                    4

VERIFIED COMPLAINT FOR BREACH OR MISAPPROPRIATION OF TRADE NAME UNDER THE LANHAM ACT; DEMAND FOR JURY TRIAL

1  22.   On September 29, 2009, Plaintiff filed a fictitious business name form in

2  Stanislaus County on behalf of the Stanislaus Custodial Deputy Sheriffs' Association, pursuant

3  to Cal. Bus. & Prof. Code § 17900, under the fictitious business name "Stanislaus County Deputy

4  Sheriffs' Association." (Exhibit I.)  As required, this fictitious business name form was published

5  for four weeks in the Hughson Chronicle, a paper with general circulation in Stanislaus County.

6  Publication commenced on October 13, 2009 and concluded on November 3, 2009.  (Exhibit J.)

### IV.

### FIRST CLAIM FOR RELIEF

**(Misappropriation of Trade Name under the Lanham Act, 15 U.S.C. § 1125(a))**

11  23.   Plaintiff incorporates by reference and realleges paragraphs 1 through 22 above.

12  24.   Plaintiff incorporated under the name "Deputy Sheriff's Association of Stanislaus

13  County" in 1984.  Around this time, Plaintiff began conducting its business and referring to itself

14  under the trade name Stanislaus County Deputy Sheriffs' Association.  Accordingly, this moniker

15  has acquired a  secondary meaning.  As set forth in its original Articles of Incorporation,

16  Plaintiff, by and through the original DSA,  has played a large role the Stanislaus County

17  community, including providing professional standards for peace officers, financially supporting

18  the widows and orphans of fallen peace officers, and providing educational and informational

19  activities in regard to pending law enforcement legislation.  For over twenty years, the Stanislaus

20  County community has come to associate Plaintiff with these activities; moreover, it has come to

21  associate the name Stanislaus County Deputy Sheriffs' Association with Plaintiff and these

22  activities.

23  25.   Bizzini's July 22, 2009 letter to Mr. Cardoza reveals that Defendants have or

24  intend to misappropriate Plaintiff's trade name, "Stanislaus County Deputy Sheriffs'

25  Association," the name under which Plaintiff has conducted business for approximately twenty

26  years.

27  ///

28

VERIFIED COMPLAINT FOR BREACH OR MISAPPROPRIATION OF TRADE NAME UNDER
THE LANHAM ACT; DEMAND FOR JURY TRIAL

26. Defendants' wrongful conduct in misappropriating Plaintiff's trade name, unless and until enjoined and restrained by order of this court, will cause and has already caused great and irreparable injury to Plaintiff. Moreover, it will cause great confusion in Stanislaus County where Plaintiff, under the misappropriated trade name, has been doing business and playing an active role in the community for over twenty years.

27. Defendants' alleged acts of trade name misappropriation have been committed with the intent to cause confusion, mistake and to deceive.

## V.

## SECOND CLAIM FOR RELIEF

## (Common Law Misappropriation of Trade name)

28 Plaintiff incorporates by reference and realleges paragraphs 1 through 27 above.

29. Plaintiff first used the trade name "Stanislaus County Deputy Sheriffs' Association" in commerce over twenty years ago and has continued to use that trade name on an exclusive and uninterrupted basis throughout this action.

30. Beginning on or about July 2009, Defendants misappropriated Plaintiff's trade name, Stanislaus County Deputy Sheriffs' Association.

31. Moreover, on July 22, 2009, Bizzini wrote a cease and desist letter to Plaintiff, ordering it to cease and desist from using a name to which Defendants had no entitlement, and which Defendants knew Plaintiff had used for over twenty years.

32. As a direct and proximate result of Defendants' conduct, it has been unjustly enriched by misappropriating Plaintiff's trade name and by using this trade name to compete against Plaintiff.

33. Defendants' actions were intentional, willful, malicious, and in conscious disregard for Plaintiff's rights and interests. As a result, Plaintiff is entitled to an award of exemplary or punitive damages, in an amount sufficient to punish Defendants and deter future conduct.

///

520.01.PLE.complaint.wpd                                6

VERIFIED COMPLAINT FOR BREACH OR MISAPPROPRIATION OF TRADE NAME UNDER
THE LANHAM ACT; DEMAND FOR JURY TRIAL

## VI.

### THIRD CLAIM FOR RELIEF

#### (Unfair Business Practice Under Cal. Bus. & Prof. Code § 17200)

34.    Plaintiff incorporates by reference and realleges paragraphs 1 through 33 above.

35.    Defendant has engaged in and continues to engage in unfair competition by knowingly and willfully committing and/or taking advantage of the wrongful acts alleged herein, including misappropriation of Plaintiff's trade name, "Stanislaus County Deputy Sheriffs' Association." Further, Plaintiff has filed a fictitious business name statement in Stanislaus County in compliance with Cal. Bus. & Prof. Code § 17900(b)(3). Accordingly, only Plaintiff has the legal right to use this trade name.

36.    Defendants' conduct as alleged herein constitutes common law unfair competition and a violation of Business and Professions Code Section 17200.

37.    As a result of Defendants' conduct, Plaintiff has suffered damages to its business and goodwill, the exact amount of which will be determined at trial.

38.    Defendants' wrongful conduct in misappropriating Plaintiff's trade name, unless and until enjoined and restrained by order of this court, will cause great and irreparable injury to Plaintiff's business.

39.    Plaintiff has no adequate remedy at law for the injuries currently being suffered, in that Defendants will continue misappropriate its trade name and Plaintiff will be required to maintain a multiplicity of judicial proceedings to protect its interest

## VII.

### FOURTH CLAIM FOR RELIEF

#### (Declaratory Relief)

40.    Plaintiff incorporates by reference and realleges paragraphs 1 through 39 above.

41.    An actual controversy has arisen between Defendants and Plaintiff regarding use of the name Stanislaus County Deputy Sheriffs' Association.

///

VERIFIED COMPLAINT FOR BREACH OR MISAPPROPRIATION OF TRADE NAME UNDER
THE LANHAM ACT; DEMAND FOR JURY TRIAL

42. Plaintiff contends it is entitled to use the name because it first used the name in commerce and the name has acquired a secondary meaning over the past twenty years, and is thus Plaintiff's protected trade name. Moreover, Plaintiff has filed a fictitious business name statement, showing that while it is incorporated under the name Stanislaus Custodial Deputies Association, it conducts its business and daily activities under the name Stanislaus County Deputy Sheriffs' Association.

43. Defendants, however, contend they are entitled to use the name Stanislaus County Deputy Sheriffs' Association.

44. Declaratory judgment is necessary to resolve the issue of which party is legally entitled to use the name Stanislaus County Deputy Sheriffs' Association.

45. Because this case presents an actual controversy within its jurisdiction, the Court may declare the rights and other legal relations of the parties, pursuant to 28 U.S.C. § 2201(a).

## VIII.

## PRAYER

WHEREFORE, Plaintiff requests relief as follows:

1. For a temporary restraining order, a preliminary injunction, and a permanent injunction requiring Defendants to refrain from using Plaintiff's trade name, "Stanislaus County Deputy Sheriffs' Association;"

2. For compensatory and consequential damages, plus interest, in an amount to be established at trial;

3. For treble damages under the Lanham Act;

4. For exemplary and punitive damages according to proof at trial;

5. For a declaration of the parties' rights and obligations to use the name "Stanislaus County Deputy Sheriffs' Association;"

///

///

///

VERIFIED COMPLAINT FOR BREACH OR MISAPPROPRIATION OF TRADE NAME UNDER THE LANHAM ACT; DEMAND FOR JURY TRIAL

1    6.    For costs and attorneys' fees as allowed by law incurred by Plaintiff in this action;

2    and

3    7.    For such other and further relief as the Court may deem just and proper.

## VI.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of any issues triable of right by jury.

Dated: November 10, 2009             MENNEMEIER, GLASSMAN & STROUD LLP
                                     ANDREW W. STROUD

                                     By
                                          Andrew W. Stroud
                                          Attorneys for Plaintiff

VERIFIED COMPLAINT FOR BREACH OR MISAPPROPRIATION OF TRADE NAME UNDER
THE LANHAM ACT; DEMAND FOR JURY TRIAL

**VERIFICATION**

I am an officer of the Stanislaus Custodial Deputy Sheriffs' Association *dba* Stanislaus County Deputy Sheriffs' Association, Plaintiff in this action, and I am authorized to make this verification on its behalf. I have read the foregoing Verified Complaint and know its contents. I am informed and believe and on that ground allege that the matters stated in the Verified Complaint are true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on _Nov 10th_, 2009 at _Modesto_, California.

_Mark Cardoza_
Mark Cardoza

520.01.PLE.Draft.complaint.wpd                10

VERIFIED COMPLAINT FOR BREACH OR MISAPPROPRIATION OF TRADE NAME UNDER
THE LANHAM ACT; DEMAND FOR JURY TRIAL

# EXHIBIT A

FILED
In the office of the Secretary of State
of the State of California

FEB 24 1984

MARCH FONG EU, Secretary of State

By _Leslie Gleason_
                        Deputy

ARTICLES OF INCORPORATION

OF

DEPUTY SHERIFFS ASSOCIATION OF STANISLAUS COUNTY

The name of this corporation is:  DEPUTY SHERIFFS **1239794**
ASSOCIATION OF STANISLAUS COUNTY.

I.  This corporation is a nonprofit mutual benefit corporation organized under the Nonprofit Mutual Benefit Corporation Law.  The purpose of this corporation is to engage in any lawful act or activity for which a corporation may be organized under such law.

II.  The specific purposes of this corporation are:  to provide representation for its members relating to employment, working conditions and benefits of employment, to support high professional standards for peace officers, to sponsor and encourage activities, to improve the general welfare of the members of the organization and of the community in general, as relating to the services rendered to the community by law enforcement, to obtain funds to support a widows' and orphans' aid fund, a scholarship fund, and funds to pay for the general business activities of this organization, to carry on educational and informational activities in regard to legislation pending which affects law enforcement or the services of the members of this organization rendered to the general public as law enforcement officers.

III.  The name and address in the State of California of this corporation's initial agent for service of process is:

Ed Ridenour, **1100 Eye Street, Modesto, California 95354**

IV.  Notwithstanding any of the above statements of purpose and powers, this corporation shall not, except to an insubstantial degree, engage in any activities or exercise any powers that are not in furtherance of the specific purposes of this corporation.

DATED: _January 5_ , 1984

_Ed Ridenour_
ED RIDENOUR, Incorporator

I hereby declare that I am the person who executed the foregoing Articles of Incorporation, which execution is my act and deed.

_Ed Ridenour_
ED RIDENOUR, Incorporator

A

# EXHIBIT B





**EXHIBIT C**

3218350

**ENDORSED - FILED**
In the office of the Secretary of State
of the State of California

JUL 1 3 2009

## ARTICLES OF INCORPORATION OF DEPUTY SHERIFF'S ASSOCIATION OF STANISLAUS COUNTY, A California Nonprofit Public Benefit Corporation

### I.

The name of the corporation is Deputy Sheriff's Association of Stanislaus County.

### II.

A.  This corporation is a nonprofit Public Benefit Corporation and is not organized for the private gain of any person. It is organized under the Nonprofit Public Benefit Corporation Law for public and charitable purposes.

B.  The specific purpose of this corporation is to educate the public about on subjects useful to individuals and beneficial to the community, combat community deterioration, and to carry on other charitable and educational activities associated with this goal as allowed by law.

C.  This corporation is organized exclusively for charitable and educational purposes within the meaning of Internal Revenue Code § 510(c)(3) or the corresponding provision of any future United States internal revenue law. Despite any other provision in those articles, the corporation shall not, except to an insubstantial degree, engage in any activities or exercise any powers that do not further the purposes of this corporation, and the corporation shall not carry on any other activities not permitted to be carried on by (a) a corporation exempt from federal income tax under Internal Revenue Code § 501(c)(3) or the corresponding provision of any future United States internal revenue law, or (b) a corporation, contributions to which are deductible under Internal Revenue Code § 170(c)(2) or the corresponding provision of any future United States internal revenue law.

### III.

The name and address in the State of California of the corporation's initial agent for service of process are:

Name:      Christopher W. Miller, Esq.
Address:   1912 "I" Street
           Sacramento, California, 95811

### IV.

A.  This corporation is organized and operated exclusively for charitable purposes within the meaning of Internal Revenue Code section 501(c)(3).

B.  No substantial part of the activities of this corporation shall consist of carrying on propaganda, or otherwise attempting to influence legislation (except as otherwise permitted by Internal Revenue Code § 501(h)(9), and the corporation shall not participate

# EXHIBIT D

Vince Bizzini, President
Stanislaus County DSA
P.O. Box 2314
Ceres, California 95307

July 22, 2009

**_VIA U.S. MAIL_**
Deputy Mark Cardoza
1300 "G" Street
Modesto, California 95354

   Re:   Unauthorized use of "Deputy Sheriff's Association of Stanislaus County" name

Deputy Cardoza:

I write on behalf of the Deputy Sheriff's Association of Stanislaus County ("Stanislaus County DSA"), a nonprofit public benefit corporation organized under the laws of the State of California. We are aware that you and/or your association have used the Stanislaus County DSA's name in connection with political endorsements, an internet site (http://www.stancodsa.com), and recruitment materials, among other things.

Our organization lawfully acquired sole possession of the "Deputy Sheriff's Association of Stanislaus County" name when we incorporated July 2009[1]. As a result, our organization is the only legally-recognized entity authorized to conduct business as the Deputy Sheriff's Association of Stanislaus County. Neither you, nor your association, have our organization's permission or consent to use the name. As such, your use of the "Deputy Sheriff's Association of Stanislaus County" name in the above materials is unauthorized and improper.

I am particularly troubled with your association's use of our name in connection with political endorsements. Because the Stanislaus County DSA is a tax-exempt nonprofit public benefit corporation, we cannot endorse political campaigns. As such, your association's conduct could jeopardize our 501(c)(3) tax-exempt status. Should this conduct cause our organization to lose its tax-exempt status, we will be compelled to file suit against you and your organization to recover the resulting damages.

Accordingly, the Deputy Sheriff's Association of Stanislaus County hereby formally demands that you immediately cease and desist from your unauthorized use of our organization's name, and that you provide us with written assurance of this fact within seven days from the date of this letter.

\\\

---

   [1] In support of this fact, I have enclosed a copy of the Stanislaus County DSA's Articles of Incorporation, certified by the Secretary of State.

Letter to Deputy Cardoza
July 22, 2009
Page 2

It is our sincere hope that we can resolve this matter amicably if possible.  Please feel free to
contact me if you have any questions.

        Very warmest regards,

        Deputy Sheriff's Association of Stanislaus County

        VINCE BIZZINI
        President

Enclosure

# EXHIBIT E



**DEPUTY SHERIFF'S ASSOCIATION of STANISLAUS COUNTY**
1300 G Street. Suite 200 • Modesto, California 95354 • Phone (209) 574-0465 • Fax (209) 491-4804

**To: Vince Bizzini**

**From: Mark Cardoza**

**Date: 07-24-2009**

**Subject: Association Name**

Dear Mr. Bizzini

      I am responding to your letter of July 23, 2009. We are currently investigating the corporate status of the Deputy Sheriffs Association with the Franchise Tax Board and the California Secretary of State. We are also researching all of our legal rights including our rights of trademark and service mark. Once this investigation and research are completed my Board of Directors will be meeting to decide what appropriate action to take. In the meantime, the Deputy Sheriffs Association will continue with its usual activities. Please note that all political activities of the Deputy Sheriffs Association are done through its PAC, which is an entirely separate entity. Finally, I urge you to not interfere with any of the affairs of my organization. The Deputy Sheriffs Association will not tolerate any interference or meddling from you or anyone else.

Amicably yours,

ε

**EXHIBIT F**

# MENNEMEIER, GLASSMAN
# & STROUD LLP

980 9ᵗʰ Street • Suite 1700 • Sacramento, California 95814-2736
Telephone 916-553-4000 • Facsimile 916-553-4011

e-mail                                                                                                          Direct Dial
stroud@mgslaw.com                                                                                   916-551-2590

July 30, 2009

*Via Electronic and U.S. Mail*

Vince Bizzini, President
Stanislaus Sworn Deputies Association
P.O. Box 2314
Ceres, CA 95307

Re:    *Misappropriation of Tradename*

Dear Mr. Bizzini:

Our firm represents the Stanislaus County Deputy Sheriff's Association ("SCDSA"). I am writing in response to your letter of July 22, 2009 to Deputy Mark Cardoza.

Please be advised that your association's use of the names "Deputy Sheriff's Association of Stanislaus County" or "Stanislaus County Deputy Sheriffs' Association" is neither legal nor lawful. In fact, your misappropriation of SCDSA's tradename constitutes a violation of both state and federal law, and you are hereby instructed to immediately cease and desist from such further use.

Section 1125(a) of Title 15 of the United States Code, the Lanham Act, expressly provides that any person who, in connection with any goods or services, uses in commerce any word, term, name or symbol which is likely to cause confusion, or to cause a mistake, or to deceive as to the association of such person with another person, shall be liable in a civil action to any person who believes that he or she is likely to be damaged by any such act. Here, the SCDSA believes it has been damaged by your act of registering its corporate name and seeking to misappropriate its tradename. As such, unless you immediately surrender SCDSA's name, SCDSA will be forced to sue your association and each of its responsible officers in federal court.

520.01.LTR.bizzini.7-30-09.wpd

MENNEMEIER, GLASSMAN
& STROUD LLP

Vince Bizzini
July 30, 2009
Page 2

As you are aware, SCDSA has been using its tradename for over twenty years. During this time period consumers have associated the SCDSA tradename with the services provided by SCDSA. Thus, SCDSA has a valid tradename in its business that is protected under both state and federal law, even though it is not registered. *See Hair v. McGuire*, 188 Cal. App. 2d 348 (1961); *Moffat Co. v. Koftinow*, 104 Cal. App. 2d 560 (1951); *Metro Publishing v. San Jose Mercury News*, 987 F. 2d 637 (9th Cir. 1993) ("It is not necessary that a trademark be registered in order for it to qualify for protection under the Lanham Act"). In addition to a claim for tradename misappropriation under state and federal law, SCDSA has claims for unfair business practices and unfair competition against your association as well.

The fact that you have filed articles of incorporation with the Secretary of State using SCDSA's name does not alter these facts. California Corporations Code section 201(b) expressly states that the "use by a corporation of a name in violation of this section may be enjoined notwithstanding the filing of its articles by the Secretary of State." As such, SCDSA will be entitled to injunctive relief and damages against your association, notwithstanding the fact that it has filed articles of incorporation with the Secretary of State. *See e.g. Flexible Bens. Council v. Feltman*, 2009 U.S. Dist. LEXIS 40686 (E.D. Va. 2009) (finding liability under Lanham Act for name registered with intent to harm plaintiff).

Finally, SCDSA notes that your association has filed two separate articles of incorporation, one for "Stanislaus Sworn Deputies Association" and one with SCDSA's corporate name. SCDSA does not object to your association's use of the name "Stanislaus Sworn Deputies Association." However, it does object to your use of SCDSA's name. Moreover, although your association is a labor organization, you have registered it as a 501(c)(3) charitable organization. If it is truly a charitable organization, then the charitable purpose should be included in the name so as to better describe its charitable purpose. The fact that you have not included any reference to a charitable purpose in the name only confirms that you have registered this name maliciously and in bad faith solely with the intention to cause harm to SCDSA and its business, thereby entitling SCDSA to punitive damages.

Please advise me by the close of business on Friday, July 31 as to whether your association will agree to cease and desist from the continued misappropriation of SCDSA's tradename and re-file the articles of incorporation for its "charity" under a new non-infringing name.

MENNEMEIER, GLASSMAN
& STROUD LLP

Vince Bizzini
July 30, 2009
Page 3

    This letter is not intended to set forth all of SCDSA's potential claims and remedies, all of which are expressly reserved.

Very truly yours,

Andrew W. Stroud

AWS/je

cc:    Chris Miller (agent for service of process)
       Mark Cardoza

520.01.LTR.bizzini.7-30-09.wpd

**EXHIBIT G**

# MASTAGNI, HOLSTEDT, AMICK,
## MILLER & JOHNSEN
*A PROFESSIONAL CORPORATION*



DAVID P. MASTAGNI
JOHN R. HOLSTEDT
MICHAEL D. AMICK
CRAIG E. JOHNSEN
CHRISTOPHER W. MILLER
BRIAN A. DIXON
STEVEN W. WELTY
STUART C. WOO
DAVID E. MASTAGNI
JONATHAN W.A. URF
RICHARD J. ROMANSKI
JOHN P. TRUJILLANO
PHILLIP R.A. MASTAGNI
KATHLEEN N. STORM
KEVIN L. BRYANT
JAMES R. CARR
WILL P. CREORE

SACRAMENTO OFFICE
1912 I STREET
SACRAMENTO, CA
95811 - 3151
(916) 446-4692
FAX (916) 447-4614

CHICO: 895-3836
STOCKTON: 948-6158
SAN JOSE: 292-4602
FRESNO: 486-5380

FED. ID# 94-2678460

WILLIAM M. BRIGGS
MELANIE BRONNY
ANTHONY P. DONDOHUE
ANDY KIRK
DAVID D. KING
SEAN D. CURRIN
SEAN D. HOWELL
ADRIENNE P. ALLEN
ISAAC S. STEVENS
DANIEL T. MCNAMARA
KRISTINA T. JANSEN
JAMIL L. WHITE
PAUL T. DOLBIRO
ANTHONY S. FRANCESCHI
DAWNIELLA A. ZAVALA

August 3, 2009

***VIA FAX & U.S. MAIL***
Andrew Stroud
Mennemier, Glassman & Stroud
980 Ninth Street, Suite 1700
Sacramento, California 95814-2736
Facsimile: (916)553-4011

**Re:    Deputy Sheriff's Association of Stanislaus County**

Dear Mr. Stroud:

Our office represents both the Stanislaus Sworn Deputies Association and the Deputy Sheriff's Association of Stanislaus County. We are in receipt of your letter to Vince Bizzini, dated July 30, 2009[1]. I write on behalf of the DSA in response to your letter. At this time, the DSA is not prepared to amend its articles of incorporation to change its corporate name.

The DSA was formed to pursue charitable activities supporting public safety in the community. At the time the DSA was incorporated, the organization formerly known as the DSA was already suspended by the Franchise Tax Board and the association of employees who used to make up that organization's membership had disbanded, leaving two separate groups to represent the interests of the bargaining units. Thus, as a preliminary matter, no group or association "owned" the DSA name when our client incorporated under it.

Further, "Deputy Sheriff's Association of Stanislaus County" is a merely descriptive moniker, not entitled to trade name protection under the Lanham Act. (See *Arkansas Trophy Hunters Assn. v. Texas Trophy Hunters Assn. Inc.* (W.D. Arkansas, 2007) 506 F. Supp. 2d 277, 281 (holding neither plaintiff nor defendant, both operating under the name" Arkansas Trophy Hunters Association" could state a claim under the Lanham Act because the name was descriptive, and had not acquired a second meaning).) As such, our client could not, as you put it, register its name "maliciously and in bad faith." Rather, it incorporated under a name that describes its constituency (i.e. deputy sheriffs) and its geographical base of operations (i.e. Stanislaus County). Our client could not maliciously infringe upon your client's trademark rights, because your client had no trademark rights in the DSA name.

---

[1] Your June 30, 2009 letter was addressed to Mr. Bizzini and the Stanislaus Sworn Deputies Association ("SSDA"). Because our office represents the SSDA as well as the DSA, we received the letter in spite of the mislabeling. Please address future correspondence regarding this matter to the DSA.

Letter to Andrew Stroud
August 3, 2009
Page 2

If the name "Deputy Sheriff's Association of Stanislaus County" is a trade name, your client's use of it constitutes an unfair business practice and/or false advertising, in violation of Sections 17200 and 17500 of the Business and Professions Code and the Lanham Act. (*See Cairns v. Franklin Mint Co.* (C.D. Cal. 1998) 24 F. Supp. 2d 1013 (plaintiff, the estate of Princess Diana, stated causes of action under the Lanham Act and Bus. & Prof. §§ 17200, 17500 where defendant's advertising misleadingly implied that defendant's products where endorsed by Princess Diana).)

Your June 30, 2009 letter impliedly asserts that the "Deputy Sheriff's Association of Stanislaus County" name has acquired a secondary meaning. In your letter, you claim that your client has used the name for "over twenty years," and "consumers have associated the SCDSA tradename with the services provided by the SCDSA." During the last twenty years, the suspended corporation formerly operating under the DSA name represented employees in Stanislaus County's Deputy Sheriff - Coroner and Deputy Sheriff - Custodial bargaining units. Assuming, for the sake of argument only, that the DSA name became associated primarily with the now-suspended corporation, then the "services" consumers associated with the name would entail representation of and advocacy for all individuals employed in the Deputy Sheriff - Coroner and Deputy Sheriff - Custodial bargaining units with Stanislaus County[2]. These "services" changed dramatically when the Deputy Sheriff - Coroner unit formed the Stanislaus Sworn Deputies Association to act as its sole employee representative organization.

If, as you argue, consumers associate the "Deputy Sheriff's Association of Stanislaus County" name with your client, your client's use of that name is likely to cause consumer confusion. Given your client's prior representation of employees in the Deputy Sheriff - Coroner's unit, consumers will likely assume your client speaks on behalf of those employees. Thus, for example, consumers might be led to believe that political endorsements by the "Deputy Sheriff's Association of Stanislaus County" are made employees of the Deputy Sheriff -Coroner unit, even though employees of that unit in no way supported or participated in the endorsement decision.

Your client's use of the DSA name is especially likely to cause consumer confusion given the fact that most - if not all - labor organizations using the words "Deputy Sheriffs' Association" in their names represent deputy sheriff's classified as peace officers under Penal Code 830.1. On the other hand, organizations representing corrections officers usually indicate as much in their names (compare "Butte County Corrections Officers Association" with "Butte County Deputy Sheriffs Association" and "San Mateo Probation Detention Association" with "San Mateo Deputy Sheriffs Association"). Thus, your client's use of the "Deputy Sheriff's Association" name is likely to mislead "consumers" by falsely implying that your client represents PC 830.1 peace officers (i.e. Deputy-Sheriff Coroners) when in truth it represents only custodial deputies, who are not peace officers under PC 830.1.

While the DSA was formed by employees in the Deputy Sheriff - Coroner unit, our client is

---

[2] It bears noting that the Deputy Sheriff's Association of Stanislaus County you purport to represent was initially formed to represent only members of the Deputy Sheriff - Coroner bargaining unit. The inclusion of the Deputy Sheriff - Custodial unit was a later development.

willing to discuss the possibility of allowing employees in the Deputy Sheriff - Custodial unit to participate in the corporation's charitable activities. In fact, our client is even open to allowing Deputy Sheriff - Custodial employees to sit on the Board of Directors along side employees in the Deputy Sheriff - Coroner unit. Such an arrangement would of course be contingent on your client discontinuing use of the "Deputy Sheriff's Association of Stanislaus County" moniker in connection with its current activities.

It is clear that our respective clients have many issues to resolve. Specifically, our clients disagree over (1) whether the DSA name is entitled to trade name protection; and (2) whether your client's use of the DSA name is misleading. It is our client's sincere wish to resolve these disputes informally, and in a way that benefits all involved. The best way to do this is likely through mediation, where the parties can discuss their differences and work together to resolve them. Please advise our office as to whether your client is agreeable to such an arrangement.

Very truly yours,

MASTAGNI, HOLSTEDT, AMICK,
MILLER & JOHNSEN

ISAAC S. STEVENS
Attorney at Law

ISS

**EXHIBIT H**

FROM :GOYETTE                    FAX NO. :9168511995           Oct. 07 2009 12:36PM P2



STATE OF CALIFORNIA
FRANCHISE TAX BOARD
PO BOX 942857
SACRAMENTO CA 94257-2021

**DATE: 09/30/09**

NOTICE NUMBER: 9935512090924 1
STANISLAUS CUSTODIAL DEPUTY SHERIFFS' ASSOCIATION
1300 G ST STE 200
MODESTO CA 95354-2453

Subject         :   **CERTIFICATE OF REVIVOR**

Entity Name     :   STANISLAUS CUSTODIAL DEPUTY SHERIFFS' ASSOCIATION

Entity Number   :   CORP 1239794

Effective Date  :   09/11/09

This business entity has been relieved of suspension or forfeiture and is now in good
standing with the Franchise Tax Board.

Business Entity and Field Collection Bureau

**Internet and Telephone Assistance**

Website:      ftb.ca.gov
Telephone:    800.852.5711 from within the United States
              916.845.6500 from outside the United States (not toll-free)
TTY/TDD:      800.822.6268 for persons with hearing or speech impairments

FTB 2557 MEO (REV 12/1997)

# EXHIBIT I

FILED

OFFICE OF THE STANISLAUS COUNTY CLERK
P.O. BOX 1670
1021 I Street, Suite 101
Modesto, CA 95353
(209) 525-5250

This space reserved for County Clerk
FILE # 09-2342

TYPE OF FILING (Check one)
☑ Original
☐ New Filing
[Change(s) in facts from previous filing]
☐ Refile
(No Change(s) in facts from previous filing)
Previous file #

**FICTITIOUS BUSINESS NAME STATEMENT**

FILING FEE
$34.00 FOR FIRST BUSINESS NAME ON STATEMENT
$7.00 FOR EACH ADDITIONAL BUSINESS NAME FILED ON SAME STATEMENT AND DOING BUSINESS AT THE SAME LOCATION
$7.00 FOR EACH ADDITIONAL OWNER IN EXCESS OF TWO OWNERS

This space reserved for County Clerk
09 SEP 29 PM 2:53
STANISLAUS CO. CLERK-RECORDER
BY C. Dillon
DEPUTY

The following person (persons) is (are) doing business as:

*Stanislaus County Deputy Sheriffs' Association
_Print Fictitious Business Name(s)_

**1300 G Street, Suite 200
_Street address of principal place of business_          _Mailing address if different_

Modesto        CA        95354        Stanislaus
City            State      Zip          COUNTY              City        State        Zip

***REGISTERED OWNER(S):

1. Stanislaus Custodial Deputy Sheriffs' Association          2.
   _Full Name_                                                   _Full Name_
   1300 G Street, Suite 200
   _Residence Address_                                           _Residence Address_
   Modesto        CA        95354
   City            State      Zip                               City        State        Zip
   California
   If Corporation or LLC – Print State of Incorporation/Organization    If Corporation or LLC – Print State of Incorporation/Organization

3.                                                            4.
   _Full Name_                                                   _Full Name_

   _Residence Address_                                           _Residence Address_

   City            State      Zip                               City        State        Zip

   If Corporation or LLC – Print State of Incorporation/Organization    If Corporation or LLC – Print State of Incorporation/Organization

IF MORE THAN FOUR REGISTRANTS, ATTACH ADDITIONAL SHEET SHOWING OWNER INFORMATION

****THIS BUSINESS IS CONDUCTED BY: (Check one) ☐ Individual ☐ General Partnership ☐ Limited Partnership ☐ Trust
☐ Limited Liability Company ☐ Unincorporated Association other than a Partnership ☐ Limited Liability Partnership
☐ Copartners ☐ Husband and Wife ☐ Joint Venture ☑ Corporation ☐ State or Local Registered Domestic Partners

2-24-198
MC

*****The registrant commenced to transact business under the fictitious business name or names listed above on 1981 Dec 31 1991
_(Insert N/A above if you haven't started to transact business)_

I declare that all information in this statement is true and correct.
(A registrant who declares as true information which he or she knows to be false is guilty of a crime.)

SIGNATURE OF REGISTRANT _Mark Cardoza_
Mark Cardoza, President

Print name of person signing. If corporation, also print corporate title of officer. If LLC, also print title of officer or manager.

This statement was filed with the County Clerk of STANISLAUS COUNTY on the date indicated by the filed stamp in the upper right corner.

NOTICE – IN ACCORDANCE WITH SUBDIVISION (a) OF SECTION 17920, A FICTITIOUS NAME STATEMENT GENERALLY EXPIRES AT THE END OF FIVE YEARS FROM THE DATE ON WHICH IT WAS FILED IN THE OFFICE OF THE COUNTY CLERK, EXCEPT, AS PROVIDED IN SUBDIVISION (b) OF SECTION 17920, WHERE IT EXPIRES 40 DAYS AFTER ANY CHANGE IN THE FACTS SET FORTH IN THE STATEMENT PURSUANT TO SECTION 17913 OTHER THAN A CHANGE IN THE RESIDENCE ADDRESS OF A REGISTERED OWNER. A NEW FICTITIOUS BUSINESS NAME STATEMENT MUST BE FILED BEFORE THE EXPIRATION.

THE FILING OF THIS STATEMENT DOES NOT OF ITSELF AUTHORIZE THE USE IN THIS STATE OF A FICTITIOUS BUSINESS NAME IN VIOLATION OF THE RIGHTS OF ANOTHER UNDER FEDERAL, STATE, OR COMMON LAW (SEE SECTION 14400 ET SEQ., BUSINESS AND PROFESSIONS CODE).

I HEREBY CERTIFY THAT THIS COPY IS A CORRECT COPY OF THE ORIGINAL STATEMENT ON FILE IN MY OFFICE.

LEE LUNDRIGAN, STANISLAUS COUNTY CLERK

BY: _____, Deputy

2015-296P

DISTRIBUTION: White-County Clerk  Yellow-Registrant  Pink-Newspaper

# EXHIBIT J

# Affidavit of Publication

STATE OF CALIFORNIA }ss.
County of Stanislaus
ROCIO GARCIA

**Hughson Chronicle**

Here-un-to being first duly sworn, deposes and says that all time hereinafter mentioned he/she was a citizen of the United States over the age of twenty-one (21) years, and doing business in said county, not interested in the matter of the attached publication, and is competent to testify in said matter, that he/she was at and during all said time the principal clerk to the printer and publisher of the HUGHSON CHRONICLE
a legal newspaper of general circulation published weekly in Hughson in said County of Stanislaus, State of California: that said HUGHSON CHRONICLE
is and was at all times herein mentioned, a newspaper of general circulation as that term is defined by Section 6000 of the Government Code, and as provided by said section and so adjudicated by Decree No. 41926 by the Superior Court of Stanislaus County, State of California, is published for the dissemination of local and telegraphic news and intelligence of a general character, have a bonafide subscription list of paying subscribers, and is not devoted to the interest, or published for the entertainment or instruction of a particular class, profession, trade, calling, race of denomination: or for the entertainment and instruction of any number of such classes, professions, trades, callings, races or denominations: that at all times said newspaper has been established, in Hughson; in said County and State, at regular intervals for more than one year preceding the first publication of the notice herein mentioned, that said notice was set in type not smaller than nonpareil and was preceded with words printed in blackface type not smaller than nonpareil, describing and expressing in general terms, the purport and character of the notice intended to be given

Fictitious Business Name Statement. File No. 09-2342.

LEGAL #2562
FICTITIOUS BUSINESS NAME STATEMENT
FILE NO. 09-2342
The following person(s) is (are) doing business as:
Stanislaus County Deputy Sheriffs' Association located at: 1300 G Street, Suite 200 Modesto, CA 95354
**Stanislaus Custodial Deputy Sheriffs' Association**
**1300 G Street, Suite 200**
**Modesto, CA 95354**
This business is conducted by: a corporation.
The registrant commenced to transact business under the fictitious business name or names listed above on: 1991.
Signed: Corporation member, on behalf of Mark Cardoza
Notice- In accordance with subdivision (a) of Section 17920, a fictitious name statement generally expires at the end of five years from the date on which it was filed in the office of the County Clerk, except, as provided in subdivision (b) of Section 17920. Where it expires 40 days after any change in the facts set forth in the statement pursuant to Section 17913 other than a change in the residence address of a registered owner. A new fictitious business name statement must be filed before the expiration. The filing of this statement does not of itself authorize the use in this state of a fictitious business name in violation of the rights of another under federal, state, or common law (see section 14411 et seq. business and professions code) Published Dates: 10/13, 10/20, 10/27, 11/3/2009

of which named annexed is a printed copy, was published and printed in said
HUGHSON CHRONICLE

at least 4 times, commencing on the 13th day of October 2009 and ending on the the 3rd day of November 2009 the days inclusive, and as often during said time as said newspaper was regularly issued, to wit:

October 13, 20, 27, 2009
November 3, 2009

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Dated this 4th day of November 2009.

PRINCIPAL CLERK OF THE PRINTER